## HORACE SPENCER v. DANIEL STORRS.

### Contract. Gift. Husband and Wife.

The plaintiff, an old man of feeble mind, worked for the defendant from the last of February to the first of August, under a contract to work for his board and clothes, nothing being said as to how long he should work. The auditor found that the defendant's work was worth $40. during this time. *Held*, that the defendant having furnished no clothes to the plaintiff, though the latter was poorly clad, he could recover of the defendant his earnings in the summer; the same being necessary for his support through the fall and winter.

When the plaintiff went to the defendant's house and requested a settlement, the latter drove him away and threatened him with bodily injury. *Held*, that this was equivalent to a denial of all liability to the plaintiff, and he had a right to so regard it and bring his suit.

The defendant's wife was a sister of the plaintiff and gave him a frock of small value which he much needed, without the permission of her husband. *Held*, that the defendant could not annul the gift, it being regarded but a reasonable act of charity which the wife had a legal right to give.

BOOK ACCOUNT heard upon the auditor's report. The court at the September Term, 1864, PECK, J., presiding, rendered judgment for the plaintiff for the larger sum found by the auditor,—to which the defendant excepted. The facts in the case sufficiently appear in the opinion.

*C. H. Heath*, for the defendant.

*Wing & Lund*, for the plaintiff.

The opinion of the court was delivered by

ALDIS, J. The plaintiff, an old man of feeble mind, agreed with the defendant to work for him for his board and clothes. There was nothing in the agreement as to how long he should work. He did work for the defendant from the last of February to the first of August, and his work during the time is found by the auditor to have been worth $40. He then left the defendant. During this time he boarded with the defendant. When he came there he was poorly clad. It was the duty of the defendant to see that he was reasonably clothed. But the defendant furnished him with no new clothes; he only saw to it that his old clothes were mended and taken care of.

Now what is the reasonable construction of the contract as to clothes? The defendant claims that it is this:—that he was bound only to furnish him with clothes while he worked for him, but not to provide for him after he left. But this is not quite right. As no time for his stay and work was fixed he had the right to leave when he pleased, and the defendant had the right to turn him away when he pleased. But would that give the defendant the right to keep the plaintiff at work through the summer and fall—a season of the year when his scanty raiment might suffice—and then turn him off at the approach of winter without furnishing him any clothes, at a time when the inclemency of the weather would make more and warmer clothes needful, and when it would be difficult for the plaintiff to get work to do by which he could earn anything to supply himself? Clearly not.

The agreement to furnish clothes must be considered in relation to the whole year, and to the season of the year in which the plaintiff worked, the value of his services, the difficulty of getting work at other seasons of the year, and the clothing he then had and might reasonably require for the coming winter. It is in this view that we

understand the auditor to have regarded it when he says, that the $40. which the plaintiff earned was no more than was requisite to supply the plaintiff with things that he actually stood in need of " to put him in a good condition for a fall and winter campaign." This military phrase (a product of the times) as applied to the plaintiff, we construe to mean only this:—to enable him to live comfortably through the fall and winter. When we consider that such a person as the plaintiff would hardly find a place where he could get his board for his work through the winter, it is plainly right he should recover of the plaintiff his earnings in the summer thus vitally needed for his support.

2. It is objected that the plaintiff made no specific demand of the defendant for such clothes as he needed, and therefore cannot maintain his suit. But he went to the defendant's house to get a settlement—requested a settlement—and the defendant drove him from his premises and threatened the old man with bodily injury. This we deem equivalent to a denial on the part of the defendant of all liability to pay the plaintiff for his labor. The plaintiff had a right to so regard it—to leave at once and bring his suit.

3. The defendant's wife (who was a sister of the plaintiff) gave her brother a frock which she had previously promised him and which had nothing to do with his work between February and August. The defendant says he did not give his wife permission to give the plaintiff the frock, and therefore insists upon charging $5. for it and to have it apply on his work. But the auditor finds it was a gift, so understood by the plaintiff and his sister when she gave it to him. We think by the common law and common custom of Vermont a wife has the legal right to give such a reasonable charity as this to her old and needy brother without asking leave of the husband; and that he cannot annul the gift and either take it back or change it into a debt against the plaintiff. It was a reasonable and moderate gift, fully within the means of the husband and the reasonable rights of the wife.

So the little exchange of the pantaloons for the tablecloths was an act which it was reasonable for the wife to make without the husband's previous consent. It was strictly within her jurisdiction.

Judgment affirmed.